Judge SuirsoN
delivered the opinion of the Court.
The deed of trust which was executed by Nugent, one of the members of the firm of Hair and Nugent, was made by him with the assent of the other partner, who subsequently ratified it by a written instrument expressly executed by him for that purpose.— The deed, however, having been executed by one partner, with the knowledge and assent of the other, was valid without such subsequent ratification. The creditors of the firm had no lien on the partnership *238 effects, and any lien thereon which they would have derived through one of the partners, if the deed had been executed against his will, and without his assent, was lost by his act. He could not have asserted such a lien himself, inasmuch as he had waived it by assenting to the execution of the deed; and the partnership creditors can only assert a lien on the partnership effects, when it can be done by a member of the firm.
2. A provision in a deed of trust that the trustee shall “sell at fair and reasonable prices,” is notsuch a restriction on the power of the trustee to sell as renders the deed fraudulent.
There is no extrinsic evidence of any fraudulent intent in the execution of the deed, but it is contended that the deed itself furuishes intrinsic evidence of the existence of such an intent; and several of its provisions are referred to as sufficient of themselves to render it illegal and void.
1. The authority conferred upon the trustees to take the effects conveyed into his possession, and to sell and dispose of them at fair and reasonable prices and to the best advantage, is objected to as being a restriction on his power, and equivalent in its legal effects to an express limitation on his right to sell, unless he could get a price fixed in the deed itself, if one had been named. We do not think that it is susceptible of such a construction, or that it imposes any restraints whatever on the power of the trustees. It is his duty to sell the property for a fair and reasonable price; and whatever price he can obtain for it, upon a sale fairly made, is in legal contemplation a fair and reasonable price. The law, independent of any such provision, would not permit him to sell the property at an unfair and unreasonably low price, when he could have made a sale at a better price, and one that would have been more advantageous to the creditors. Such conduct on his part would amount to a'breach of the trust, and render him individually responsible to the beneficiaries in the deed. The clause under consideration imposes no greater restraint upon him than the law itself does in the execution of the trust, and cannot be regarded as furnishing any evidence of a fraudulent intent.
3. Nor is a deed of trust, which conveys, all and every description of property belonging to the grantors to be regarded as fraudulent because of the further provision “that the property will be more particularly set forth in an inventory to be made out.”
2. An objection is made to that part of the deed which describes the property conveyed, on the ground that nothing passed by it, except such articles as might be contained in the inventory thereafter to be taken, and that thereby the grantors in the deed were able to increase or diminish the quantity of the property conveyed at their discretion, until the inventory was made out. If such be the legal effect of the deed, it might be assimilated with great propriety, to that class of conveyances which have been deemed to be fraudulent; because the debtor reserved the power to revoke the deed, either as to the property conveyed, or as to the creditors to be paid, or reserved the right to change the order of preference, or gave the trustee the power to compromise with the creditors. (15 John. Rep., 571; 7 Wend., 187; 2 John. G. R., 565.) But we do not give such a construction to this deed. The language used is that “the par- “ ties of the first part have granted, bargained, sold, “ conveyed, assigned, and transferred, and by these “ presents do grant, bargain, sell, convey, assign, and “ transfer to James O’Neal, of the second part, &c., “ all the goods, wares, merchandize, &c., and proper- “ ty of every name and nature whatsoever, of, and “ belonging to said party of the first part, which will “be more fully set forth in an inventory which will “ be taken hereafter, and in which the property afore- “ said will be described.” The deed conveys all the property of every description which belonged to the grantors. The language is broad and comprehensive, and cannot be construed so as to limit the operation of the deed to such property as should be described in the inventory referred to. The office of the inventory was to describe the particular articles which constituted the property that had been conveyed by the deed. Its failure to contain a full and true description of such property could not diminish the legal effect of the conveyance. The deed conveys all the property of the grantors, and not merely that part of it which might be contained in- an in *240 ventory thereafter to be furnished by them. This objection to the deed is therefore wholly invalid.
4. Nov is it fraudulent in a deed of trust that it provides that after the payment of spec ified debts the surplus, if any, shall be paid to the grantors; this it would be the duty of the trustee to do, independently of any exprese provision in the deed to that effect. The interest of the grantor in a deed of trust is analogous to that of a mortgagor.
3. The deed provides that the surplus of the proceeds of the property, if any, after the debts are all satisfied, shall be paid over by the trustee to the makers of the deed. This, it is contended, is such a reservation for their benefit as renders the deed void in law; and cases have been referred to in which the courts in some of the states have so decided. (Dana vs. Lull & Co., 2 Washburn, (Vermont R.,) 390; Goodrich vs. Downs, 6 Hill’s N. Y. R., 438, and other cases.) Á contrary doctrine has been held in the following cases: (Rehn vs. McElrath, 6 Watts, 151; Hindman vs. Dill & Co., 11 Alabama R., 689; Austin vs. Johnson, 7 Humphrey’s Report, 191.)
Such a reservation as the one here objected to, does not invest the makers of the deed with an interest in the surplus which they would not have if the deed did not contain such a reservation. In such a case, if any of the trust fund remained after satisfying the trusts expressly created by the deed, there would be, as to such surplus, a resulting trust for the benefit of the grantors. Indeed the cases in which deeds of this description have been pronounced void, place those containing such a reservation, and those in which it is omitted, upon the same footing, unless the latter transfer the surplus, if any, to the general creditors. The principle upon which these decisions •are based, seems to be that a debtor has no right to make a conveyance of the whole of his property to secure one of his creditors, or any number of his creditors, so as to give them a preference over the others, unless in the same conveyance he secures the residue of the property that may remain, after the debts of the preferred creditors shall be discharged, so that it shall not return into his hands, but shall be •applied to the payment of the debts due to the other ■creditors.
This principle, which in effect determines that the debtor, although he may give to one class of creditors *241 a preference over another class, cannot legally exercise this right without making a provision in the same conveyance, that the surplus, if any, shall be applied to the payment of his other creditors, so far from having been acted upon or recognized in this state, is in direct conflict with all the decisions of this court, and they are numerous, in which mortgages and deeds of trust that did not contain any such disposition of the surplus, have been sustained. Under the operation of this principle, if carried out to its legitimate results, a debtor could not mortgage his estate so as to retain an equity of redemption therein, at least until all his debts Avere first satisfied. A mortgage of his estate to one creditor alone would be void if he had other creditors, unless in the same deed he • made provision for the payment of their debts out of the estate mortgaged. Mortgages and deeds of trust, with respect to a sale of the property embraced by them, are placed substantially upon the same footing by the laws of this state. No sale can be made under a deed of trust without the intervention of a court of equity, unless it be made with the consent of the grantor. A sale of the mortgaged property may be made in the same way, the mortgagor and mortgagee concurring therein. Every reason then which can be urged in favor of the application of this principle to deeds of trust, will apply with equal force to mortgages. Its effect, if adopted, would be to alter essentially the right of the debtor to convey his property to secure any of his creditors, as this right has been heretofore exercised, and to introduce a new rule of law on this subject that has not hitherto had any existence in this state.
5. Any interest which a nftrtgagor or a grantor has in a deed of trust can be subjected to his debts.
The adoption here of such a principle is not necessary to the security of the rights of creditors. Any interest which the grantor has in the property mortgaged or conveyed in trust, can be'su&jected by them, under our laws, to the payment of their debts. The debtor can derive no advantage from the reservation to himself of the surplus that may remain, after the *242 payment of the debts mentioned in the deed. If the effect of such a reservation would be to secure the surplus to the debtor, and deprive his creditors of the right to subject it to the payment of their debts, then, indeed, there would be an obvious propriety in the application of this principle. But no such effect is produced by it; on the contrary, the reservation is entirely nugatory inasmuch as it only appropriates the surplus in the same manner the law itself would, if no such reservation had been made, and such surplus, notwithstanding this appropriation of it, still remains liable for the debts of the grantor. The legality of the deed is not therefore affected by the reservation of the surplus, if any, to the grantors.
Wherefore, the judgment dismissing the plaintiffs’ petition is affirmed.