CASE 12—PETITION EQUITY—JUNE 14.

# Smith's ex'r vs. Vertrees, &c.

**APPEAL FROM HARDIN CIRCUIT COURT.**

1. Private sales by trustees pass no title, except where the maker of the deed of trust shall unite in the conveyance.
2. A trustee is liable for the illegal conversion of slaves, and is responsible for their reasonable value at the time of conversion.
3. A testator's debts and liabilities should be paid before legacies are paid.
4. The maker of a deed of trust is not a competent witness against the trustee in a controversy between his creditors, who are the beneficiaries, and the trustee, about the illegal conversion and misapplication of the trust property and funds, unless he has a full release from all the beneficiaries, and he himself releases the trustee from all liability to him.

M. H. COFER,                                    For Appellant,

CITED—

*Civil Code*, secs. 473, 161, 300, 301, 298, 297.

1 *Metcalfe*, 26; *Rogers vs. Rogers.*

15 *B. Mon.*, 48; *Maysville & L. Railroad vs. Pannett.*

4 *Metcalfe*, 236; *Applegate vs. Applegate.*

18 *B. Monroe*, 223; *Hortsman vs. Lex. & Cov. R. R.*

4 *Metcalfe*, 130; *Taylor vs. Moran.*

1 *Metcalfe*, 667; *Brookover vs. Hurst.*

16 *Barber*, 633; *Andrews vs. Bond.*

6 *B. Mon.*, 141; *McGrath vs. Balser.*

7 *Barb. S. C.*, 470; *Leach vs. Kelsey.*

1 *Duvall*, 166–7; *Maiders vs. Culver, assignee.*

2 *Revised Statutes*, 230, sec. 24, chap. 80.

*Hill on Trustees*, side page 525, top p. 770, secs. 297, 298, 299, 300, *and* 301.

C. G. WINTERSMITH,                          For Appellees,
                     CITED—

2 *Dana*, 158 ; *Williams vs. Beard.*

7 *J. J. M.*, 2 ; *Douglass vs. Halbert.*

2 *Marshall*, 539.

6 *Monroe*, 304.

5 *B. Monroe*, 460.

11 *B. Monroe*, 100.

*Harlan & Monroe's Dig., title Witness, sec.* 8, *p.* 1012.

7 *Dana*, 92 ; *Allison vs. Allison.*

4 *Monroe*, 418 ; *Brown vs. Vance.*

5 *Monroe*, 268 ; *Hunter vs. Gatewood.*

2 *Metcalfe*, 339 ; *Stone vs. Stone.*

*Civil Code, sec.* 368.

*MSS. Op., Sept.,* 1854 ; *Swearingen vs. Hubbard.*

6 *B. Mon.,* 141 ; *McGrath vs. Bolsen.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

S. J. Poston having conveyed certain real estate, slaves and choses in action, to the testator, J. W. Smith, March 25, 1851, in trust, to pay certain debts : after testator's decease, his executor and principal legatee, the appellant, agreed with the beneficiaries to arbitrate the matters in dispute. The award being made, this suit was originally brought to enforce it, which appellant resisted ; his answer was made a cross-petition ; appellees made their answer thereto an amendment also to their original petition, asserting the original cause of action should the award be set aside. This amended petition was not answered when the award, at appellant's instance, was set aside ; the cause then stood upon the amended petition, which had been filed in open court, and which the plaintiffs had the right to amend without leave of court at any time before answer. So their amended petition filed in vacation, pursuant to the order of court, giving

sixty days in which to file it, was authorized by *section* 159, *Civil Code*, without such order, and after being treated by the parties as part of the record, it cannot be disregarded, nor was there any necessity of process. Appellant appeared in court after the filing of the first amendment, and the second amendment was for the same cause of action. The sacrifice of the real estate and slaves was of such a character as to indicate either gross negligence or fraud by the trustee, and his estate should be held responsible therefor, so far as the sales must be upheld.

But as private sales by trustees are declared by our statutes to be invalid, and to pass no title except where the maker of the deed shall unite in the conveyance (1 *Morehead & Brown's Stat. Laws*, 443; 2 *Stant. Rev. Stat.*, 230), the lands probably remain still liable to sale for the benefit of the creditors named in the deed; at least there is nothing in this record which precludes this.

The purchasers and their vendees, from the trustee, Smith, of these lands, should be made parties, and the title to them either confirmed, else the lands subjected to sale, securing the purchasers the money paid therefor to the trustee, as a prior lien on the lands.

The slaves having been converted by the illegal acts of the trustee, his estate should be held responsible for their reasonable value at the time of conversion, with interest thereon; all credits for money paid by him to the beneficiaries to be allowed as credits.

S. J. Poston is interested in the issues in this case, first, to have as large an amount of his debts as possible paid; next, to have a surplus to be paid over to him, and therefore an incompetent witness for the beneficiaries; and his competence can only be restored by a release by the

beneficiaries from any responsibility to them on their demands beyond what can be made out of the trust estate, and then his release to Smith's estate for any claim to any surplus after paying the trust creditors.

Appellant, as executor of his father's will, had qualified without executing bond with surety ; had received some $15,000 of assets, which he seems either to have squandered or was likely to do so. The testator's debts and liabilities should be paid before legacies are paid. The payment of the notes on Slaughter to Geohegan, as trustee for Harriet A. Benson, which were part of testator's assets, in discharge of a legacy to her, was in violation of appellee's rights, and the injunction against the obligor therein restraining him from paying the same until further ordered was right; and if no assets in appellant's hands can be reached to satisfy the ultimate judgment which may herein be rendered, then these debts should be appropriated thereto.

As Smith's estate was held liable for the sacrifice of the land without securing the title to the purchaser, still leaving it liable, should his vendees in future be disturbed in their title, and as Poston was permitted to testify whilst incompetent, the judgment must be reversed, with directions to allow all proper parties to be made, and for further proceedings as indicated.