JUDGE PETERS
delivered the opinion of the court:
The deed from G. Bullitt and wife to Wilson, of the 19th of February, 1852, did not in terms nor in meaning create a separate estate in Mrs. Bullitt in the property conveyed; but it was an assignment of the estate to Wilson in trust to secure the residue of the debt which Bullitt owed his wife, after the estate in Louisiana, on which she had a claim, should be exhausted, with the power of sale in Wilson; and the proceeds were to be held by him *44 for the separate use of the wife, after he executed the power to sell conferred on him.
It was first necessary to effect a sale of the real estate to realize the balance that remained unpaid to Mrs. Bullitt, after the disposition of the Louisiana property, to raise the fund which was to constitute the separate estate provided for, and to be held by Wilson in trust for her use.
But even if the deed can be construed as creating a separate estate in the property conveyed to the use of Mrs. Bullitt, it confers a power to sell on Wilson; and under the act approved 16th February, 1858, which amends section 17, article 4, chapter 47, Revised Statutes, he may alienate the estate. (See 2d vol. R. S., p. 32.)
In the deed from Wilson, the trustee, to Martin, appellant’s vendor, Bullitt, the maker of the deed to Wilson and his wife, both joined, whereby an indisputable title passed to Martin to the estate sold by him to appellant, and there is no complaint of the title in other respects. (See 24th sec., chap. 80, R. S., 2d vol.,p. 230.)
We concur, therefore, in opinion with the court below.
Wherefore, the judgment is affirmed.