CASE 12—PETITION EQUITY—JUNE 19.

# Prather, &c. v. McDowell and wife.
# H. C. McDowell and wife v. Louisa W. Prather.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

1. A SALE AND CONVEYANCE BY TRUSTEES PASSED THE TITLE TO THE PURCHASER IN THIS CASE, although such sale and conveyance were not authorized by a court, and although the maker of the deed did not join in the sale, as provided for in section 2, act of 1820. (1 M. & B. 449.)

    The deed of trust in this case, executed in 1839, conveyed lots, etc., in Louisville to three trustees, requiring them to sell so much as might be necessary to pay certain debts, and so much of said lots as might be preserved after the payment of the debts, was in effect vested in or settled upon the wife and children of the maker of the deed. The trustees sold several of said lots in the order prescribed in the deed and applied the proceeds as therein directed. The maker of the deed, joining in the other sales, did not join in the sale or conveyance of the lot in controversy in this suit. He died in 1860, and in 1868 the residuary beneficiaries in said deed instituted this suit to recover that lot, on the ground that the maker did not join in the sale thereof, as provided in said act of 1820.

    See opinion for a full discussion of the law and facts showing that the title passed to the purchaser, and that the said statute of 1820 did not apply to this case.

2. The application of said statute of 1820, providing that no sale made by a trustee under a deed of trust shall be good or valid or pass the legal title unless decreed by a court, or unless the maker of such deed shall join in the sale (1 M. & B. 449), was not intended to be universal in cases of trusts, as its language would seem to imply. Certain trusts are exempted from its operation. (3 J. J. Mar. 236; 5 B. Mon. 164; 6 Dana, 476; 15 B. Mon. 625.)

3. Said statute was passed for the benefit of the grantor in such deeds, and to secure his interest in the property from being sacrificed, unless the sale was made with his consent.

4. Said statute should not be applied to cases where the maker of the deed by which the trust is created has no interest, either in the

Prather, &c. v. McDowell, &c.—McDowell, &c. v. Prather.

property conveyed or in the execution of the trust. (4 Bush, 43; 16 B. Mon. 230; 17 B. Mon. 543; 2 Bush, 63.)

5. Said statute should not be allowed to control the action of trustees in any case where the grantor in the deed of trust has not a fixed and certain interest, either in the property conveyed or in the execution of the trust.

6. The property that might be preserved after the payment of the grantor's debts belong to his wife and children, and not to him.

7. The contingent right of the grantor, reserved in the deed, to manage and control the property as the agent, and for the use and benefit of his wife and children, can not be regarded as an interest in the trust property, either fixed or certain.

8. The statute, intended solely to protect the interests of the grantor, should not be made to operate in favor of the residuary beneficiaries under the deed, under any idea that the equities of the case demanded that it should be so applied.

9. The maker of the deed ratified the sale of the lot in controversy, in which he did not join, by thereafter joining in the sale of another lot which was required to be sold, if necessary, subsequent to the sale of the lot in controversy.

10. THE NAME OF THE GRANTOR'S WIFE DOES NOT APPEAR IN THE BODY OF THE DEED MADE IN 1839; but it was signed by her, and upon privy examination she consented that it should be put to record. This mere formal execution of the deed by the wife of the grantor did not amount to a relinquishment by her of her potential right of dower in the trust property.

11. JOINTURE.—The provision made for the wife in this case was not a legal jointure, as the intention that it should operate or be regarded as such does not appear from the deed, "either expressly or by averment."

It was not an equitable jointure, as it can not be implied from the deed itself that the provision was intended to be in lieu of the wife's potential right to dower; in any event the provision made for the wife was less than her contingent right of dower.

P. B. MUIR, . . . ⎫
R. W. WOOLLEY, ⎬ . . . . . . . . . For Prathers,
                ⎭

CITED

Revised Statutes, section 20, chapter 24.
Revised Statutes, sec. 7, art. 4, chap. 47, 2 Stanton, 26.
Statute of 1820, section 2.
Hill on Trustees, 264, 266, 282, 383.
1 Morehead & Brown, 111, Statute 1798.

Prather, &c. v. McDowell, &c.—McDowell, &c. v. Prather.

1 Greenleaf's Cruise, top pages 202, 213, 449.

4 Mason, 273, Hall v. Savage.

2 Bush, 65, Smith v. Vertrees.

9 Massachusetts, 218, Catlin v. Ware.

13 Massachusetts, 223, Lufkin v. Curtis.

2 Greenleaf's Cruise, top page 327.

2 Greenleaf's Cruise, title 32, "Deed," chapter 1, section 16.

3 Mason, 348, Powell v. Monson.

9 Dana, 216, Applegate v. Gracy.

15 B. Monroe, 114, Hedger v. Ward.

6 Dana, 300, Worthington v. Middleton.

3 Dana, 112, Nantz v. Bailey.

5 Monroe, 352, Moore v. Tisdale.

5 Bush, 561, Hatcher and wife v. Andrews.

4 Kent's Commentaries, 62.

2 J. J. Marshall, 438, Fitzhugh v. Croghan.

5 J. J. Marshall, 15, Shields v. Batts.

13 Pickering, 382, Leavitt v. Lamprey.

1 Bouvier's Law Dictionary, "Indenture," page 620.

4 Monroe, 245, Milner v. Turner.

3 Bacon's Abr., "Fines and Recoveries," pages 635–912.

2 New Hampshire, 525, Elliott v. Hesper.

8 Pickering, 536, Stearns v. Swift.

4 Howard, —, Agricultural Bank of Mississippi v. Rice.

27 New Hampshire, 332, Burge v. Smith.

38 New Hampshire, —, Woodward v. Seaver.

12 Shipley (Maine), —, Stevens v. Owens.

9 Ohio, 121, Foster v. Denison.

7 Ohio, 337, McFarland's case.

7 Monroe, 661, Tevis v. Richardson.

5 Dana, 348, Timberlake v. Parish.

2 Johnson's Chancery, 452, Adsit v. Adsit.

4 Monroe, 266, Bailey and wife v. Duncan.

16 B. Monroe, 479, Worsley's executor v. Worsley.

2 Metcalfe, 408, Yancey v. Smith.

3 Metcalfe, 151, Tevis's executors v. McCreary.

15 B. Monroe, 620, Butler v. Miller.

4 J. J. Marshall, 466, Miles v. Bacon.

6 Dana, 477, Ogden v. Grant.

5 B. Monroe, 164, Ship v. Bowman.

7 Monroe, 588, Pool v. Young.        3 Littell, 410.

16 B. Monroe, 241, Ely, Clapp, &c. v. Hair, &c.

17 B. Monroe, 549, Lyons v. Field.

3 Atkyns, 459, Boteler v. Allington.

1 Drury & Wraren's Rep. 489, Thompson v. Simpson. ·

2 Wendell, 176, Varick v. Jackson.

1 Burrows, 111, Atkins v. Hord.

2 Blackstone, 348, Coke C, note 1, 330.

5 Cowen, 371, Doe v. Thompson.

6 Johnson, 179, Smith v. Buster.

4 Bracton, chap. 12.        4 Henry VII., chap. 24.

1 Bibb, 512, Davis v. Whitesides.

2 Barr, 52, Smiley v. Biffle.

5 Littell, 309, May's heirs v. Hill.

17 B. Monroe, 381, Edwards v. Woolfolk.

24 Law Library, Lewin on Trusts and Trustees.

1 Story's Equity, sections 63, 64.

2 Story's Equity, sections 977, 980.

3 Atkyns, 238, Mead v. Lord Orrery.

17 B. Monroe, 447, Lexington Ins. Co. v. Page & Richardson.

4 Metcalfe, 262, Matson v. Matson.

12 B. Monroe, 329, Johnson v. Jones.

14 B. Monroe, 527, Petty v. Malier.

2 Metcalfe, 521, Toombs v. Stone.

10 Wharton, 175, Elmendorf v. Taylor.

2 Peters, 212, Hunt v. Wickliffe.

17 B. Monroe, 682, Gault and wife v. Trumbo.        .

3 Grattan, 373, Sheppard v. Turpin.

7 Jones, 235, Welborn v. Finley.

9 B. Monroe, 161, Couch v. Couch.

9 B. Monroe, 423, Rosson v. Anderson.

13 B. Monroe, 279, Darnell v. Adams.

3 Metcalfe, —, Coleman v. Walker.

3 Peere Williams, Earl of Huntingdon's case.

2 Schoales & Lefroy, 607, Hovenden v. Lord Annelsley.

1 Atkyns, 581, Hopkins v. Hopkins.

7 Dana, 53, Buckner v. Yonker.

6 B. Monroe, 45, Carey v. Callan.

11 B. Monroe, 161, Wickliffe v. Lexington.

1 Vesey, 278, Kemp v. Westbrooke.

3 Monroe, 505, White v. Prentiss.

9 Massachusetts, 509, Wells v. Prince. ·

15 Massachusetts, 471, Wallingford v. Hearl.

3 Binney, 384, Hall v. Vandegraft.

6 Leigh, 486, Merritt v. Smith.

4 Blackford, 81, Raymond v. Simonson.

3 Iredell, 248, Paxton v. Rhea.

4 Johnson, 398, Jackson v. Shoonmaker.

Vol. VIII.—5

Prather, &c. v. McDowell, &c.—McDowell, &c. v. Prather.

4 Howard (Mississippi), —, Magruder v. Stewart.
3 Stewart, 172, John v. Wren.
15 Vermont, 344, Giddings v. Smith.
5 Iredell, 634, Fagan v. Walker.
2 Appleton, 242, Durham v. Angier.
29 Missouri, 176, Salmons v. Davis.
3 Maryland Chancery Reports, 398, Young v. McCall.
7 Dana, 274, King v. Mims.
3 Monroe, 537, Boone v. Dyke.
8 B. Monroe, 541, Tom Tingle v. Davis.
2 B. Monroe, 439, Bohannon v Sthresley.
9 B. Monroe, 103, Davenport v. Prewett.
1 Marshall, 121, Graves v. Graves.
1 Marshall, 268, Frailey v. Langford.
2 B. Monroe, 105, Langdon v. Woolfolk.
9 B. Monroe, 10, McBride v. Craig.
2 Marshall, 578, Ligget v. Wall.
2 B. Monroe, 21, Griffith v. Dicken.
3 J. J. Marshall, 418, Hart v. Young.
5 Dana, 426, Birney v. Richardson.
14 B. Monroe, 569, Tureman v. White's heirs.
1 Dana, 575, Simrall v. Graham.
18 B. Monroe, 403, Burns v. Ray.
3 Marshall, —, Chiles v. Dedman.
1 Dana, 236, Betty v. Moore.
7 Monroe, 59, South's heirs v. Thomas's heirs.
6 Monroe, 490, Beard v. Smith.
1 Metcalfe, 499, Maddox v. Allen.
2 Duvall, 16, Jones v. McCauley.
4 Bibb, 64, Commonwealth v. McGowan.
2 Merrivaile, —, Cholmondely v. Chilton.
1 Jacob & Walker, 532, Widdowson v. Earl of Harrington.
1 Marshall (English), 599, Romilly v. James.
2 Bush, —, Grigsby v. Breckinridge.
    Adams on Ejectment, 600.
    Angell on Limitations, sections 371, 415.
    Littell's Select Cases, 512, Reed v. Bullock.

J. F. BULLITT, ⎫
BARR & GOODLOE, ⎬ . . . . . For McDowell and wife,
W. O. HARRIS, ⎭
                        CITED
        Act of 1820, 1 Morehead & Brown, 449.
        Act of 1796, 1 Morehead & Brown, 575, 226, 1125.

Revised Statutes, section 3, article 1, chapter 43.
Revised Statutes, section 3, 16, article 4, chapter 43.
Revised Statutes, section 7, article 4, chapter 43.
Hill on Trustees, side pages 267, 164, 504.
Angell on Limitation, sections 394, 400, 404, 104, 174.
Jac. 503, Dickerson v. Robinson.
1 B. Monroe, 308, Gates and wife v. Jacob.
1 Dana, 288, Fenwick v. May's heirs.
9 Modern Rep. 32, Lawley v. Lawley.
2 Merrivaile, 360, Cholmondely v. Chilton.
3 Atkyns, 459, Boteler v. Allington.
3 Peere Williams, 215, Lechmore v. Earl of Carlisle.
2 Jacob & Walker, 171, 175, Cholmondely v. Chilton.
11 B. Monroe, 161, Wickliffe v. City of Lexington.
1 Leigh, 163, Rankin v. Bradford.
1 Drury & Warren (Irish), Thompson v. Sympson.
1 Chitty's Equity Digest, 1372, par. 6; 1364, par. 3.
2 Chitty's Equity Digest, 2993, par. 3.
2 Eq. Ca. Ab. 579, Lewellyn v. Mackworth.
3 Peere Williams, 309, Wych v. East.
3 Peere Williams, 310, Earl of Huntingdon's case, note *g*.
3 Ball & Beat. 74, 75, Pentland v. Stokes.
2 Schoales & Lefroy, 629, Hovenden v. Annelsley.
6 Jones (N. C. Equity) 327, Herndon v. Pratt.
7 Jones (N. C. Law) 233, Wellborn v. Finley.
25 Alabama, 62, Fleming v. Gilman.
2 Barr's Pa. R. 52, Smilie v. Biffle.
9 B. Monroe, 161, 162, Couch v. Couch.
9 B. Monroe, 426, Rosson v. Anderson.
13 B. Monroe, 279, Darnell v. Adams.
17 B. Monroe, 380, Edwards v. Woolfolk.
3 Metcalfe, 67, Coleman v. Walker.
10 Georgia, 359, Worthy v. Johnson.
1 Sneed, 301, Wooldridge v. Planters Bank.
6 B. Monroe, 374, Ring v. Gray.
18 B. Monroe, 785, Kinsolving v. Pearce.
3 Dana, 338, Dubois v. Marshall.
6 B. Monroe, 333, Bedford v. Thomas.
8 B. Monroe, 187, Gill v. Fountleroy.
13 B. Monroe, 443, Larmon v. Huey's heirs.
5 Peters, 440.  8 Peters, 41.
7 Wheaton, 535.  2 Barr, 52.
1 Marshall, 8, Buckner v. Trustees, &c.
7 B. Monroe, 680, Giltner v. Trustees, &c.

Prather, &c. v. McDowell, &c.—McDowell, &c. v. Prather.

7 Johnson's Chancery Reports, 90, Kane v. Bloodgood.

3 Metcalfe, 153, Tevis v. McCreery.

2 Schoales & Lefroy (Irish) 444, Birmingham v. Kirwan.

1 Washburn on Real Property, ch. 8.

7 Cranch, 370, Herbert v. Wren.

2 Johnson's Chancery, 451, Adsit v. Adsit.

17 New York, 577, Savage v. Burnham.

32 New York, 325, Tobias v. Ketchum.

2 Story's Equity, page 1097.

1 Eden, 487, Northumberland v. Granby.

1 Swanston, 381, Dillon & Parker.

3 Bro. C. C. 39, Butrick v. Bradhurst.

3 Mason, 347, Powell v. M. & B. Man. Co.

7 Massachusetts, 20, Fowler v. Shearer.

15 John. 109, Jackson v. Gilchrist.

17 Wendell, 128, Bool v. Mix.

1 Dall. 11, Davy v. Turner.

7 Foster, 332, Burge v. Smith.

5 Henning's Statutes, 408.

1 Morehead & Brown, 430, 433.

2 New Hampshire, 525, Elliot v. Hesper.

2 Dana, 463, Blakey v. Blakey.

15 B. Monroe, 604, Petty v. Malier.

2 J. J. Marshall, 438, Fitzhugh v. Croghan.

4 Selden, 112, Moore v. Mayor of New York.

16 Ohio, 257, Smith v. Hardy.

3 Dana, 320, Brown v. Starke.

15 B. Monroe, 114, Hedger v. Ward.

7 Monroe, Lewis v. Richardson.

6 Dana, 300, Worthington v. Middleton.

5 B. Monroe, 352, Moore v. Tisdale.

7 B. Monroe, 693, Flournoy v. Johnson & Tingley.

3 Mason C. C. R. 152, Robinson v. Hook.

10 Ohio State R. 506, Williams v. First Pres. Soc.

17 Vesey, 88, Beckford v. Wade.

1 Ball & Beattie, 163, Mendicott v. O'Donnel.

1 B. C. C. 553, Townshend v. Townshend.

10 Wheaton, 152, Elmendorf v. Taylor.

10 Peters, 223, Boone v. Chiles.

1 Watts, 275, Lyon v. Marday.

18 B. Monroe, 601, Manion v. Titsworth.

3 Grattan, 394, Shephards v. Turpin.

2 Sugden on Vendors, 217.

3 Peere Williams, 309, Wyth v. East India Co.

2 Ball & Beattie, 68, Pentland v. Stokes.

4 Richardson's Equity Reports, —, Long v. Cason.

3 Georgia, 262, Paschal v. Davis.

7 Georgia, 158, Thomas v. Brinsfield.

14 Ohio, 443, Henderson v. Horner.

1 B. Monroe, 306, Gates and wife v. Jacob.

3 J. J. Marshall, 264, Cosby v. Ferguson.

12 Wendell, 674, Bradstreet v. Clarke.

1 Leading Cases in Equity, 155, Tollet v. Tollet.

2 Peere Williams, 222, Coventry v. Coventry.

2 Munf. 129, Roberts v. Stanton.

17 Missouri, 9, Norcum v. D'Oench.

2 Bush, 64, Smith v. Vertrees.

3 Bibb, 453, Jones v. Langhorne.

4 Bibb, 2, Rennick v. Rumsey.

1 Monroe, 43, McClanahan v. Chambers.

18 Grattan, Taylor v. Stearns.

7 Monroe, 588, Pool v. Young.

3 Littell, 405, Ormsby v. Tarascon.

5 Ohio State, 124, Hoffman v. Mackall.

19 Ohio State, 214, Woodruff v. Robb.

7 Watts & Serg. 343, Man. and Mer. Bank v. Bank of Pa.

23 Pick. 446, Henshaw v. Sumner.

10 Connecticut, 292, Bates v. Coe.

4 J. J. Marshall, 458, Miles v. Bacon.

3 Monroe, 1, Ward v. Trotter.

8 Dana, 247, Vernon, &c. v. Morton, &c.

3 B. Monroe, 219, Stewart v. Hall.

14 B. Mon. 549, Loughborough's executor v. Loughborough's devisee.

4 B. Monroe, 423, Bank of United States v. Heeth.

16 B. Monroe, 230, Ely, Clapp, &c. v. Hair & Nugent.

15 B. Monroe, 617, Butler v. Miller.

17 B. Monroe, 543, Lyons v. Field.

5 Watts & Serg. 36, Blank v. German.

1 Duvall, 245, Dent v. Breckinridge.

6 Ohio State, 547, Wraxer v. Fugg.

2 Ves. & Beamis, 222, Chalmers v. Storil.

1 Sim. & Stu. 513, Roberts v. Smith.

17 New York, 562, Savage v. Burnham.

2 Yeates, 302, Duncan v. Duncan.

23 Connecticut, 327, Lord v. Lord.

14 Grattan, 540, Dixon v. McCue.

4 Strobb. Eq. 84, Bailey v. Boyce.

HUMPHREY & HUMPHREY, . . . . . For Trustees, &c.,

CITED

Hill on Trustees, top page 483.
2 Johnson's Chancery, 76, Hart v. Ten Eyck.
4 Johnson's Chancery, 629, Thompson v. Brown.
10 B. Monroe, 413, Cross v. Petree.
14 Johnson's Chancery, 559, Franklin v. Osgood.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

On the 9th of May, 1839, James S. Prather made and executed to William Prather, C. M. Way, and John Joyes a deed of trust conveying to them certain real property situated in the city of Louisville and its vicinity, also all his household and kitchen furniture and a negro slave, and assigning to them notes and choses in action amounting in the aggregate to about fourteen thousand four hundred dollars; "to have and to hold the said real estate and personal estate, and choses in action to said Prather, Way, and Joyes, or the survivor, his or their heirs forever, to and for the uses, trusts, and purposes following, to-wit, that is to say, in trust: that the said Prather, Way, and Joyes, or the survivor of them and the heirs of such survivor, may sell and shall sell so much of said estate, lands, etc., at public or private sale, for cash. or on credit, as they or he may judge most expedient, and the proceeds of each sale to be applied to the payment" of debts owing by the grantor, amounting, exclusive of accrued interest, to about twenty thousand dollars; all of which were specifically set out in the face of the deed. Said trustees were authorized to sell the undivided moiety of a twenty-acre tract of land in the vicinity of Louisville, and a lot purchased by the grantor a short time before the date of the deed of trust from William F. Spurrier, at any time, for the liquidation of any of Prather's debts; but they were not to sell certain other real property, including a lot on the corner of Green and Fourth Streets, unless the notes and choses in action, and the proceeds arising from the sales of the two designated

parcels of land directed to be first sold, should prove insufficient to liquidate all the grantor's indebtedness; in which case they were required to sell first said lot on the corner of Fourth and Green Streets, next a house and lot on Main Street, and last a lot on Fourth Street. The deed further recites that "it is understood that after the payment of all the debts recited . . . . the said Prather may and shall have the *privilege*, by and with the consent of the trustees, during his natural life, of renting out said property, and receiving the rents and profits to furnish a house and the means of support to himself and family, and provided he shall outlive all of said trustees he is to have said *privilege* independent of the consent of any one. After his death one third of the rents to be applied to the use and benefit of his wife Louisa; the other two thirds to the support of their children during her life; and after her and his death the property to be equally divided among the children the said James now has or may hereafter have." The name of Mrs. Prather does not appear in the body of the conveyance as one of the grantors; but it was signed by her, and upon privy examination she consented that it should be put to record.

The personal assets having been exhausted, the trustees found it necessary for the payment of Prather's debts to sell a portion of the real estate.

They first sold the moiety of the twenty-acre tract. The title to the Spurrier lot having failed, they next sold the lot on the corner of Green and Fourth Streets to Henry Clay, jr., for the sum of four thousand dollars, and finally, a short time thereafter, they sold the house and lot on Main Street. In the conveyances made to the purchasers of the moiety of the twenty-acre tract and of the house and lot on Main Street, James S. Prather, the grantor in the deed of trust, joined; but for some reason, not explained by anything in the record, he failed to unite with the trustees in the conveyance made by them to Clay for the lot on the corner of Fourth and Green Streets. It

seems, however, that Clay at once entered upon the possession of said lot, and that since the date of his conveyance (September 23, 1844) he and those holding under him have continuously held and controlled it.

James S. Prather died in 1860, and in July, 1868, this suit was instituted by his surviving children against the trustees, Prather, Way, and Joyes, and Mrs. McDowell, the daughter of Henry Clay, jr., then deceased, and her husband, Henry C. McDowell, who now claim to own the lot conveyed as aforesaid by said trustees to Clay. Mrs. Louisa W. Prather, the widow of James S. Prather, deceased, was also made a defendant, as well as Fuller, who was at the time in possession of the lot, holding it as the tenant of McDowell and wife.

The plaintiffs claimed that the debts mentioned in the deed of trust executed by their father had all been satisfied long since; that the conveyance to Henry Clay, jr., under which McDowell and wife held, was void; and they prayed that the trustees should be compelled to execute the trust as to the lot named in said conveyance by resuming the possession and by collecting the rents accruing thereon, and paying over the same as required by the deed of trust. Mrs. Prather, by her cross-petition, insisted that she was entitled either to one third of the said rents under the deed of trust, or else to dower in the lot, or to both, and asked that she should have such relief as she was entitled to receive.

The trustees insist that the lot in controversy was sold to Clay for its full value; that its sale was necessary to enable them to execute the trust; and that it was made with the knowledge and consent of James S. Prather. McDowell and wife relied upon the same defenses, and also pleaded the statute of limitation.

Upon the trial of the cause the petition of Prather's children was dismissed; but it was held that Mrs. Prather was entitled to dower in the lot.

From the judgment dismissing their petition Prather's heirs have appealed, and McDowell and wife have appealed from so much of the judgment as establishes Mrs. Prather's right to dower.

The testimony in the case satisfactorily establishes that the sale of the lot to Col. Clay was absolutely necessary for the payment of Prather's debts; that the same was sold for its fair market value; and that the said sale, if not made with the consent of Prather, was afterward not only recognized but approved and ratified by him.   Hence we conceive that upon the question as to the validity of Clay's title it is only necessary to inquire into the legal effect of the conveyance made by the trustees to him.

Sec. 2 of the act of 1820 (1 Stat. Laws, 448) provides that "no sale hereafter made by any trustee or trustees, under or by virtue of any deed of trust or pledge of any estate whatever, shall be good or valid, nor shall any conveyance made by any trustee or trustees pass the title or interest of any estate or property in any such deed mentioned, unless such sale shall be previously ordered or decreed by a court of chancery upon bill filed and proceedings had therein, as in cases of mortgages, unless the makers of any such deed or pledge shall join in the deed or writing evidencing such sale or transfer."

That the application of this statute was not intended to be universal in cases of trusts, as its language would seem to imply, has been settled by repeated decisions of this court. It has been construed not to embrace lands held in trust for married women (3 J. J. Marshall, 236); nor property conveyed in trust for the benefit of the grantor's children (5 B. Monroe, 164); nor of assignments for the payment of debts where the grantor not only empowers the grantee to sell, but exacts from him a covenant that he will sell (Ogden v. Grant, 6 Dana, 476); nor where real property has been conveyed to trustees in satisfaction of the grantor's debts, and in which

he has no further interest. (Butler v. Miller, 15 B. Monroe, 625.)

These cases establish that certain trusts are exempted from the operation of the statute, but do not define with any degree of certainty the particular classes to which it should or should not be applied. It seems, however, well settled that one of the objects the legislature had in view at the time of its enactment was to protect struggling debtors from the sacrifice of their property "under the dispatchful proceedings of a trustee;" and it was so held by this court in the case of Butler v. Miller, *supra*, the opinion stating in express terms that the act "was passed for the benefit of the grantor in such deeds, and to *secure his interest in the property* from being sacrificed, unless the sale was made with his consent," and that it "should not be applied to cases where the maker of the deed by which the trust is created *has no interest either in the property conveyed or in the execution of the trust.*"

There is no case in which the act in question has been held to apply where the grantor in the deed creating the trust has not had the equitable right to redeem the property conveyed by paying the debts intended to be secured, or to the payment of which the same was directed to be applied.

In the cases of Miles v. Bacon and Belknap v. Martin (4 Bush, 43) the conveyances were to secure the payment of debts. In Ogden v. Grant; Ely, Clapp & Co. v. Hair (16 B. Mon. 230), Lyons v. Field (17 B. Mon. 543), and Smith v. Vertrees (2 Bush, 63), the property was directed to be sold, and the proceeds applied to the payment of the grantor's debts; and in each and all of said cases "in equity the property conveyed, subject to the incumbrance on it created by the deed of trust, *belonged* to the grantor." Whatever might remain after the payment of his debts belonged to him, because he was the owner of such property, and had merely conveyed it in trust for a special object, which, having been

accomplished, determined the trust, and by operation of law reinvested him with an equitable right to such as might remain in the hands of the trustee.

We do not intend to be understood as deciding nor as intimating that the statute should never be applied unless the grantor has the equitable right to redeem; *but we are satisfied that it should not be allowed to control the action of trustees in any case where the grantor in the deed of trust has not a fixed and certain interest either in the property conveyed or in the execution of the trust.*   In this case the deed divested the grantor of all title to the property.   The payment of his debts by the trustees, or even by himself, inured as a matter of law to the benefit of his wife and children, who were in equity the owners of the property, subject to the incumbrance created by the deed under which they derive title.

It was agreed that after all the recited debts were paid Prather should "have the *privilege,* by and with the advice and consent of the trustees," to rent out the property during his natural life, and receive the rents "to furnish a house and the means of support to himself and family;" and in case he outlived all the trustees he was to have this *privilege,* independent of the consent of any one.

This *privilege,* or rather this right, to act as agent for the trustees and the residuary beneficiaries under the deed was reserved for the benefit of the latter, and was made to depend not only upon the grantor's surviving the payment of his debts (a portion of which did not mature for over five years after the execution of the deed), but also upon the consent of the trustees, who were legally responsible for the manner in which the trust might be executed, except upon the further contingency that he should outlive them all.   A mere privilege thus limited and restricted, and dependent upon so many contingencies, can not be regarded as an interest in the trust property either fixed or certain.

The interest which Prather had in the execution of the trust was also remote. The property that might be preserved after the payment of his debts belonged to his wife and children, and not to him. The lot in question was sold as a matter of necessity, and the only interest he could have had therein was that he should be relieved of his indebtedness to the extent of its value by the faithful application of the proceeds arising from its sale to the payment of such indebtedness. His interest in the execution of the trust related not to the trust property, but to the payment of his debts; and as his children base their right to relief upon the ground that in this regard the trust was faithfully executed and the debts fully paid during the life-time of their ancestor, it is clear that no interest of his was prejudiced by the sale and conveyance of the lot to Clay.

Then as the grantor in the trust deed was not prejudiced by such sale, and as he ratified it by subsequently joining in the conveyance of the Main-street property, as his only interest in the execution of the trust was protected by the application of the proceeds arising from the sale to Clay to the payment of his debts, we can perceive no sufficient reason why in a case like this, where the conveyance partakes as much of the nature of a family settlement as of a deed to secure the payment of debts, a statute intended solely to protect the interests of the grantor should be made to operate in favor of the residuary beneficiaries under the deed, upon any idea that the equities of the case demand that it shall be so applied. Conceiving that under the deed Prather reserved no interest, either legal or equitable, in the trust property, and that his interest in the execution of the trust was necessarily contingent, depending upon the sufficiency of the trust property for the payment of his debts and upon the good faith of the trustees, and that the facts and circumstances developed by the record present no equitable reasons for the interposition

of the chancellor in favor of the beneficiaries under the deed, we are of opinion that their petition was properly dismissed. We also concur with the chancellor that the mere formal execution of the deed of trust by Mrs. Prather did not amount to a relinquishment by her of her potential right to dower in the trust property.

The fourth section of the act of 1796 (1 Statute Law, page 440), as amended by the acts of 1803 and 1810 (*Ib.* 446 and 447), regulated the conveyances of married women at the time of the execution of the deed of trust in this case.

By said section as amended it was provided that when a husband and wife sealed and delivered a writing *purporting* to be a conveyance of any estate or interest, and the wife, being examined privily and apart from the husband by a clerk of a county court, should declare to him that she did freely and willingly seal and deliver said writing "to be then shown and explained to her," and wished not to retract it, that the same should "be sufficient to convey or release any right of dower thereby intended to be conveyed or released."

The deed must *purport* to be a conveyance of the estate intended to be conveyed or released. The intention must be gathered from the language of the conveyance itself, and not implied outside of that instrument from the peculiar circumstances by which the parties happen to be surrounded at the time of its execution. In the deed of trust Mrs. Prather is not named as a grantor, and she used no words indicating upon her part an intention to relinquish dower in the lands conveyed; and we are therefore of opinion that she is not estopped from asserting claim to dower, though she did join in the formal execution of the deed.

Nor do we regard the provision made for her by said deed as having been made by way of jointure. It is conceded that it was not a legal jointure, as the intention that it should operate or be regarded as such does not appear from the deed

"either expressly or by averment." It is equally as difficult to conclude that it was an equitable jointure. It can not be implied from the deed itself that the provision was intended to be in lieu of Mrs. Prather's potential right to dower in the trust estate, nor does the amount set apart for her benefit, or compared with the value of her contingent right to dower in the trust property, raise any such presumption; but, upon the contrary, tends strongly to establish that such was not the intention of the grantor.

The provision made for Mrs. Prather by the deed could in no possible contingency amount to a greater sum than she would receive under an allotment of dower. This amount would of necessity be reduced by any sale the trustees might find it necessary to make in the execution of the trust; and if the payment of the grantor's debts had required the sale of the entire trust estate, she would have received nothing whatever under the deed.

For these reasons it seems to us clear that the provision made for her in the deed was made without any reference to her dower, and with no intention that it should be received in lieu thereof.

It therefore results that Mrs. Prather was not compelled to elect between the provision made for her of one third of the rents arising from such of the trust property as the trustees did not find it necessary to sell and her right to dower in the entire trust estate; but that, *at the very least*, she may, without wrong to any one, claim her proportion of the rents accruing as aforesaid, and dower in such of the realty as was sold by the trustees for the payment of her husband's debts.

Wherefore the judgment of the chancellor is affirmed, both on the appeal of Prather's heirs v. McDowell and wife, and their appeal against Louisa W. Prather.