## J. W. COLLINS v. A. R. GARDNER.

Conveyance by Wife.

The attestation clause of a deed adds nothing to its force, and the recital in a deed that a married woman is a party to a conveyance where the deed purports to be a conveyance by the husband alone, is contradicted by the face of the deed, and it must be treated as if she merely had signed it without any mention of her name in its body.

**Estoppel of Married Woman.**

> During the life of her husband a woman is under disability to assert her rights by suit, and the law which disables her to sue cannot require her to give notice of her claim on pain of losing her right through the operation of an estoppel.

### APPEAL FROM WARREN CIRCUIT COURT.

October 7, 1879.

OPINION BY JUDGE COFFER:

The attestation clause of the deed of Gardner and wife adds nothing to its force. The recital that she is a party to the conveyance is contradicted by the face of the deed, and it must be treated as if she merely had signed it without any mention of her name in its body. It purports to be a conveyance by the husband alone, and comes within the rule in *Prather v. McDowell and Wife,* 8 Bush 46, and other cases decided by this court.

Nor is Mrs. Gardner estopped by any act or omission proved in the record. During the life of her husband she was under disability to assert her rights by suit, and the law which disabled her to sue could not consistently require her to give notice of her claim on pain of losing her right through the operation of an estoppel.

The appellant has been allowed the full increased value of the land resulting from the improvements, and being paid for the improvements it was proper he should be required to pay rent since the death of Asa B. Gardner.

The judgment was as favorable to the appellant as the law warranted, and must be *affirmed.*

*J. M. Tyler* for appellant. *Halsell & Mitchell,* for appellee.