## WEAVEL *against* LASHER.

Where a party submits to a new trial on the merits, in a court of common
pleas, and is nonsuited at the trial, it is too late to apply to this court for a
*mandamus* to compel the court below to enter judgment on the verdict
given on the first trial.

METCALF moved for a *mandamus* to the court of common
pleas of the county of Montgomery, commanding them to
proceed to judgment on a verdict obtained by the plaintiff
against the defendant, in June term, 1796, of that court. He
founded his motion on a copy of the minutes of that court,
certified by its clerk, by which it appeared that the verdict
was set aside in the same term, on the merits, and that in
February, 1798, a new trial was had, and the plaintiff was
nonsuited.

convenience of parties and of witnesses; 2 R. S. 409, § 2. The former ground
is considered in the note to *Scott* v. *Gibbs, infra,* vol. 2, p. 116. With regard
to the latter, it appears from the cases cited above, that a stipulation on behalf
of the plaintiff to give material evidence in the county where the venue was
laid, constituted an answer to a motion to change it in actions *ex delicto,* and
in the earlier practice in actions *ex contractu,* but the statute has altered this
rule in both forms of actions, by defining as above stated, the purposes for
which this motion may be made. But neither the residence of a greater
number of witnesses in an adjoining state, adjacent to the place of trial laid
in the declaration, although the plaintiff has obtained assurances that most of
those witnesses will attend; *Bank of St. Albans* v. *Knickerbacker,* 6 Wend.
541; see also *Canfield* v. *Lindley,* 4 Cowen, 532; *Wood* v. *Bishop,* 5 id. 414;
*Peet* v. *Billings,* 2 Wend. 282; nor, the residence of a greater number of
witnesses in the county from which the venue is sought to be moved, when
witnesses to prove the same facts, *e. gr.* value of services as attorney and
counsel in the county *to* which removal is sought, can be procured in the lat-
ter county, constitutes a sufficient reason to retain the venue. *Benedict* v.
*Hibbard,* 5 Hill, 509. Under the Revised Statutes, the ground for granting
or denying a change of venue, generally lies in the number and residence of
witnesses, their value to be shown under the advice of counsel according to the
forms prescribed by the rules of practice; *Anon.* 1 Hill, 668, 669; Id. 3
Wend 425; *Constantine* v. *Dunham,* 9 id. 431; *Onondaga Co. Bank* v. *Shep-
herd,* 19 id. 10; Gra. Prac. 2d ed. 561, 562; See also 4 Hill, 62–70, n. (*a*);
where the whole subject is elaborately considered, and forms of affidavits,
notices and orders relating to change of venue are given.

Torrey v. Morehouse.

*Per Curiam.* The plaintiff by submitting to the new trial, has waived his right to the interposition of this court.(a)

Rule refused.

[*242]            *Torrey *against* Morehouse.

Where the plaintiff was under a stipulation to try a cause, but countermanded the notice of trial, on account of an epidemic prevailing in the city of New York, where the cause was to be tried, which prevented his being prepared for trial, the court refused to grant the rule for a nonsuit.

The plaintiff's attorney residing in New York, and not having time to prepare, in order to oppose a motion to be made at Albany, on the first day of term, of which six days notice had been given, was held a sufficient excuse for not opposing the motion on the first day.

Where a regular proceeding is set aside on motion, the party applying must pay costs.

The plaintiff was under a previous stipulation to try this cause at the last sittings in New York.

On the first day of the present term, *Riggs,* for the defendant, moved for a rule for judgment as in case of nonsuit; having given six days notice of the motion, and no person appearing to oppose it, it was granted of course.

*Coleman* now moved to set aside the judgment, on an affidavit, stating that the cause was noticed for trial at the last sittings in New York, and countermanded, because the plaintiff had every reason to expect that he could not then be prepared for the trial on account of the interruption to business occasioned by the epidemic which prevailed in the city. It was also shown, that the plaintiff had offered to try the cause, and would probably have done so after the sittings commenced, if he could regularly have brought on the trial.

*Riggs,* for the defendant, farther objected, that if the excuse were otherwise sufficient, which he did not admit, it ought to have been made on the first day of the term, and

(a) See note to *Fish* v. *Weatherwax, infra,* vol. 2, p. 215.