## Case No. 5,694.

### GRANT v. BONTZ.

[2 Cranch, C. C. 184.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

ASSUMPSIT—DECEIT—WARRANTY.

An action of assumpsit, in the nature of an action of deceit, will lie for knowingly and falsely representing a slave sold by the defendant to the plaintiff to be sound, although there should be a bill of sale under seal warranting the slave to be a slave for life, without expressly warranting the soundness of the slave.

The declaration in this case was drawn from the precedent in the case of Stuart v. Wilkins, 1 Doug. 120, the form of which was fully approved by all the judges of the court of king's bench. It stated that, whereas the defendant [John Bontz], on the 1st of August, 1816, offered to sell to the plaintiff [James A. Grant] a certain slave called Celia, and a certain other slave called Julia, of him the defendant, and whereupon afterwards, to wit, &c., in consideration that the plaintiff at the special instance and request of the defendant would buy of him, the said defendant, the said slaves at and for the price and

[1] [Reported by Hon William Cranch, Chief Judge.]

10 FED. CAS.—62

sum of $675 to be paid by the plaintiff to the defendant upon demand, the defendant then and there undertook and faithfully promised the plaintiff that the said slaves were sound; and the plaintiff, in fact saith that he, confiding in the promise and undertaking of the defendant so by him made as aforesaid, afterwards, to wit, &c., at the special instance and request of the defendant, did buy of him the said slaves at and for the price of $675 and did then and there pay the same to the defendant; yet the defendant, not regarding his said promise and undertaking so as aforesaid made, but contriving and fraudulently intending to injure the plaintiff in this behalf, did not regard his said promise and undertaking so by him made as aforesaid, but craftily and subtly deceived the said plaintiff, in this, that the said slave Celia, at the time of the making of the said promise and undertaking of the defendant, was not sound, but on the contrary thereof was unsound, and was afflicted with the misfortune of idiocy, to wit, at the county aforesaid, of which the defendant, at the time of his promise aforesaid, was well informed, whereby the said slave then and there became and is of no use or value to the plaintiff. To this was added a count for money had and received by the defendant to the plaintiff's use. At the trial the defendant demurred to the evidence, and the plaintiff joined in the demurrer. The plaintiff's evidence proved the idiocy and worthlessness of the slave Celia. That the defendant knew it at the time of the sale, but represented her to the plaintiff as sound; that the plaintiff bought her and paid the defendant $350 for her upon that representation. That although the plaintiff saw her before he purchased her, yet the defendant prevented the plaintiff from speaking with her, under the pretence that she might run away if she knew that he was about to sell her. That the money was paid in the morning before she was delivered to the plaintiff. That when she was delivered to the plaintiff and he spoke to her he immediately perceived that she was an idiot, and offered to return her, but the defendant refused to receive her; and the plaintiff lodged her in the jail, where she died in less than a month after the sale. The bill of sale was in these words and figures. "Alexandria, August 1st, 1816. Received of James A. Grant six hundred and seventy-five dollars in full for the purchase of two negro girl slaves for life, namely Julia, and Celia, the right and title of which negroes I hereby warrant and defend against all claims unto said Grant and his heirs forever, as witness my hand and seal. John Bontz, (L. S.) In presence of P. Hewitt."

Mr. Swann, for defendant, contended, that as the contract of sale was reduced to writing under seal, and contained a warranty of title, but not of soundness, it is to be inferred that no warranty of soundness was intended. That a false representation if not fraudulent-

ly made, will not support any action; and if made fraudulently, can only maintain an action of deceit; not an action of assumpsit. No action will lie unless upon a warranty, or upon a fraudulent misrepresentation. 1 Bac. Abr. tit. "Action on the Case," E; Seixas v. Woods, 2 Caines, 48, 56; Parkinson v. Lee, 2 East, 314; Snell v. Moses, 1 Johns. 96; Perry v. Aaron, Id. 129; Defreeze v. Trumper, Id. 274; Bayard v. Malcolm, Id. 453; Bayard v. Malcolm, 2 Johns. 550.

Mr. Taylor, for plaintiff, cited Stuart v. Wilkins, 1 Doug. 20, and 1 Chit. Pl. tit. "Deceit."

At April term, 1820, the plaintiff, upon discovery of further evidence, before the court had rendered any judgment, or given any opinion upon the demurrer to. the evidence, obtained an order for a new trial upon condition of paying the costs. But at November term, 1820, that order was, by consent, rescinded, and the verdict and demurrer reinstated; and

THE COURT, upon consideration of the demurrer, was of opinion that the law was for the plaintiff, and judgment was rendered for $370, according to the verdict.