Spring  Term
1839.

*Myers et al.*
vs
*Sanders' Heirs.*

---

# Myers *et al. vs.* Sanders' Heirs.

[Mr. Owsley for plaintiffs: Messrs. Sanders & Depew for defendants.]

FROM THE CIRCUIT COURT FOR GRANT COUNTY.

Judge EWING delivered the opinion of the Court.

TRESPASS
*for mesne profits.*

8d   65
97   442

*April* 24.

JUDGMENT in ejectment having been recovered in the name of John Doe, on the demise of Sanders' heirs, against Myers and others, and possession delivered to the lessors, they brought an action of trespass for the *mesne profits,* in the name of John Doe, against the defendants, in the ejectment.

Upon the trial of an issue on the plea of not guilty, the jury found for the plaintiff four hundred and fifty eight dollars in damages; and judgment having been

A confession of lease, entry and ouster, with a judg't in eject. is conclusive—not only as to the les sor's title, to the extent of the recovery, but as to the ouster by the deft. & the right to the *mesne profits; &* proof,that part of the land was not held by

VIII. 9

Spring Term 1839.

Myers et al.
vs
Sanders' Heirs.

the deft. but was in possession of his tenants, at & after the time when the eject. was commenced, is inadmissible. In trespass for *mesne profits*, evidence to show, that the deft. had made lasting and valuable improvements, is not admissible under a plea of not guilty. Nor is there any appropriate plea, that will admit such proof. If, in consequence of improvements made by the tenant, the profits have increased, the jury, in making up the verdict, may pretermit the increase, and find what the rents would have amounted to without them.

rendered thereon, the defendants have brought the case to this Court for revision.

Only two questions are raised on this record, which we deem necessary to notice.

*First.* In the progress of the trial, the Court refused to permit the defendants to prove, that a part of the land, for which damages were recovered, was not in their actual possession at the commencement of the ejectment against them, and for some time thereafter, but was in the *possession* of *their tenants*, who were not parties to the suit.

There can be no plausible ground of objection on their part, to the opinion of the Court in the rejection of this evidence. It could have availed them nothing if admitted. They were parties to the judgment in ejectment, which taken in conjunction with their confession of lease, entry and *ouster*, is conclusive against them, not only as to the title of the plaintiff to the full extent of his recovery, but also as to his ouster by the defendants. And whether they by themselves, or by their tenants, kept the plaintiff out afterwards, they are equally guilty and equally responsible for *mesne profits*.

*Second.* It is objected that the Circuit Court erred in refusing the defendants permission to introduce proof to show, in mitigation of damages, that whilst they were in possession, and before the judgment in ejectment was recovered, that they had made lasting and valuable improvements on the land. This objection is equally untenable. We know of no good authority or principle of law that would authorize the introduction of such proof. It would be out of the issue pleaded in this case, and if introduced, might surprise the plaintiff, and lead to embarrassments before the jury, not at all consistent with the simplicity of this mode of trial at common law. And we know of no plea by which such matter could be presented in a distinct shape, by which the plaintiff might be apprised of the defence.

Indeed, it would seem inconsistent with all rule to allow a trespasser to make the person trespassed against his debtor, for improvements made without his consent and against his will, or to allow him to set them off

against the damages to which he has justly subjected himself by his trespass. This would be worse than permitting him to set off one trespass against another; it would be permitting him to justify or excuse one trespass by proving that he had committed another; for the act of improving is a trespass itself.

It would no doubt be proper, where necessary repairs had been made, by which the profits had been increased, for the jury to take into consideration those repairs, and to diminish the profits by them, but not below an amount which the premises would have been worth without such repairs. Beyond this, we are not prepared to go. And as the proof seems not to have been intended for this purpose, it was properly rejected by the Circuit Court.

Judgment affirmed with costs.