By the Court, Cowen, J.
The learned judge thought the question in this case of so much importance as to call for a discussion in writing, with which I have been furnished.(a) I think he has shown that the proof of authority from F. and H. J. St. John was sufficient. I will only add, that if there can be any question whether the powers of attorney be within the 1 R. S. 747, 2d ed. § 4, sub. 3, and therefore the subject of acknowledgment before foreign consuls, the doubt is removed by 2 id. 325, § 74, 2d ed.
Motion denied.

 The following is an extract from the opinion of Judge Gridley, and the only part of it which relates to the objections urged by the defendant’s counsel on the appeal:
“ It. is not denied by the defendant’s counsel that the revised statutes authorize the execution of deeds to be proved &c. before consuls residing in foreign countries ; (1 R. S. 747, 2d ed.;) but it is insisted that the consular seal does not prove itself, except in certain cases specially provided for by act of congress. (See Act of Cong. of 1792, ch. 24, and of 1803, ch. 62.) In support of this position I am referred to Conkling’s Treatise, 258, 9, 2 Cranch, 184, 239, 1 Dowl. &. Ryl. 324, Story On Confl. of Laws, 530, 3 East, 221, 17 Johns. 272, 1 Wend. 131, 2 Paige, 620, and Petersd. Abr. tit. Consul. I have no doubt that the general principle contended for by the defendant’s counsel in relation to the necessity of proving consular seals, is correctly stated, and that, if it were not for the fact that the provisions of the revised statutes respecting the proof of deeds in foreign countries made this case an exception to the general rule, the objection would be fatal. (1 R. S. 747, 2A ed.) But in construing this statute it should be borne in mind that the object of its enactment was to provide a convenient mode of proving the execution of deeds by grantors residing in foreign countries, and that the construction which dispenses with evidence of the official character of the person taking the *575 proof and of the genuineness of the certificate, best comports with the design of the law makers. True, consuls are officers of the general government; but our statute adopts them as state officers for the particular purposes therein mentioned.
The third subdivision of the fourth section of the statute (1 R. S. 747,2d ed.) under which the powers in question were proved, was enacted in 1829, and clearly with the intent of increasing the facilities of proving deeds of real estate in foreign countries. The provision does not even require a seal; and it may be doubted whether it is at all subject to the seventh section of 1 R. S. 747, which requires a seal, and points out the mode of authenticating certificates. But when the seventh section was enacted, the third subdivision of the fourth section was not in existence; and it will be seen that it provides for a mode of authentication applicable to the cases embraced within it, by declaring that the acknowledgment or proof1 certified by them [the officers thereinbefore named] respectively, shall be as valid and effectual as if taken before one of the justices of the supreme court of this state.’
Jurats and certificates of acknowledgment are exceptions to the general rule requiring evidence of the official character and signature of the person before whom the deposition or instrument purports to have been sworn or acknowledged. The learned annotators upon Phillipps’ Evidence say: ‘ There are many cases in the law, not only of depositions, but also of acknowledgments and certificates, which are made proof per se; in all which cases the person officiating is regarded as a quasi officer of the court; and his act is recognized of course, like the return of a sheriff &c. Courts take what is called judicial notice, that the person assuming to act has the proper authority.’ (Cowen & Hill’s Notes to Phill. Ev. p. 628.) At page 1247 of the same book it is laid down that ‘where the officer taking the same [the acknowledgment or proof ] styles himself such an officer as is authorized, that will be prima facie evidence of the fact cf his being so.’
My conclusion is, that the proof of authority to commence the suit is now perfect as to all the plaintiffs, and that the order to stay proceedings should be revoked.”