No. 79.—JOSEPH C. BEVERLY and WM. McBRIDE, plaintiffs in error, vs. JOHN BURKE, defendant in error.

[1.] The registration of a bond for title to land not being authorized by law, does not entitle it to be read in evidence, without proof of its execution. *Aliter*—if thirty years old, accompanied with proof of possession under it, or if produced pursuant to notice from the opposite party, he claiming also an interest under it.

[2.] *Color* of title defined.

[3.] Though the title of an adverse possession be ever so defective, yet the true owner must sue within seven years, or he is barred by his entry.

[4.] Against a claim for *mesne* profits in the nature of damages, the value of the improvements made by the defendant is a fair set-off, provided he took possession of the premises *bona fide*. *Trespassers* are not entitled to the benefit of this principle, except where the profits of the premises have been increased by the repairs or improvements which have been made. In that case, it is proper for the Jury to take into consideration, the improvements or repairs, and diminish the profits by that amount; but not below the sum which the premises would have been worth without such improvements or repairs.

[5.] Whether the defendants are trespassers, is a question of fact to be submitted to the Jury.

[6.] A copy deed established according to law, is to be taken in lieu of the original, for all purposes whatsoever.

[7.] If the original deed was never recorded in the County where the land lies, the copy, unless registered, cannot be read in evidence without proof of its execution.

[8.] The fact that it was recorded on the *minutes* of the Superior Court in the course of the proceeding instituted for its establishment, does not dispense with the statuary requirement of registration.

Beverly and McBride *vs.* Burke.

[9.] A judgment which is void for want of jurisdiction in the Court rendering it, cannot of itself be noticed for any purpose.

[10.] The 47th Common Law, Rule of Practice, requiring testimony taken by commission to be communicated to the adverse party before the cause is called for trial, is *directory* merely.

[11.] The question of *adverse possession,* is not for the Court to decide, but exclusively for the Jury.

[12.] For the presiding Judge to charge the Jury that the plaintiff's possession is " *uninterrupted, continuous, notorious, sufficient and adverse,*" is error, and in which, under the Act of the Legislature of 1849–1850, a new trial *must* be granted.

[13.] How far and to what extent the *occupant* will be protected in his possessory title.

Ejectment in Fayette Superior Court. Tried before Judge HILL, September Term, 1850.

This was an action of ejectment, brought by the defendant in error, for the recovery of lot of land, No. 67, in the ninth district of Fayette County ; the said lot being divided by the County line of Campbell and Fayette Counties. The plaintiff relied upon a statutory title. The defendants pleaded the general issue, Statute of Limitations, and want of title in the defendant in execution under which the land was sold at the time of sale—the plaintiff claiming title under the Sheriff's deed.

On the trial the plaintiff offered in evidence a bond for titles, from Henry Reeves to Thomas Steel, which had been admitted to record—to which plaintiff objected, on the ground that the bond was not admissible without proof of its execution. The Court overruled the objection and permitted the bond to go to the Jury as color of title. The plaintiff also offered in evidence a deed from the Sheriff of Campbell County, for the land in dispute, to which the defendants objected.—1st, Because the fi. fas. under which the land was sold, were not produced; 2d. Because the deed being for the whole lot, a part of which was in Fayette and a part in Campbell Counties, was void as to that part lying in Fayette County. The Court admitted the deed to be void as to that part of the land in Fayette County, but admitted it in evidence, as color of title.

Defendants sought to prove by a witness of plaintiff, that the improvements made on the land were worth as much or more than the value of the rent.   Plaintiff objected, on the ground that the defendants were trespassers.

The Court sustained the objection and would not permit the witness to answer.

The defendants offered in evidence a copy of a deed from Henry Reeves to Edmund Baughan, for the land, which copy deed had been duly established and recorded *in Fayette Superior Court.*   The plaintiff objected to its admissibility, on the ground that it was necessary to prove the execution of the original deed—the same not having been recorded in Fayette County. The Court sustained the objection and excluded the evidence.

The defendants offered in evidence an exemplification of an action of ejectment, tried in Campbell Superior Court, in which Edmund Baughan was plaintiff, and John S. Heard tenant in possession, and John⋅ Burke was a co-defendant, and in which there was a judgment of recovery for the whole lot, both that part lying in the County of Campbell and that in the County of Fayette.

The plaintiff objected to the admissibility of the evidence, and the Court sustained the objection and excluded it.

The defendants offered in evidence the answers of Hilliard Baughan to interrogatories which were received in Court from the defendant, in the usual way, after the case was submitted to the Jury.

Plaintiff objected to the answer being read, on the ground that the interrogatories had not been tendered to the plaintiff before the cause was submitted to the Jury.   The objection was sustained by the Court.

In his charge to the Jury, Judge *Hill* " expressed his opinion to the Jury, that the evidence of plaintiff made out a case of uninterrupted, continuous, notorious, sufficient and adverse possession of seven years."

To which several rulings and decisions of the Court, counsel for defendants excepted.

Beverly and McBride *vs.* Burke.

Moore, Latham & Stell, for plaintiffs in error.

Conner & Stone, Doyal & Nolan, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

This was an action of ejectment, brought by John Burke against Joseph C. Beverly and William McBride, to recover a part of lot of land No. 67, in what was originally the 9th district of Fayette County. The plaintiff relied upon a statutory title.

[1.] He tendered in evidence, a bond for titles from Henry Reeves to Thomas Steel, under which he claimed. Counsel for the defendant objected to the introduction of this paper without proof of its execution. The plaintiff relied on its registration, and the Court admitted it to be read, as color of title.

There is no law authorizing this private writing to be recorded. The fact of registration does not entitle it, therefore, to be received in evidence for any purpose, without proof of its execution. Had this instrument been thirty years old, and testimony adduced that it had been acted upon, or that the obligee took possession of the premises in dispute under it; or had it been produced by the adverse party, pursuant to notice, the defendant also claiming an interest under it, no proof of its execution would have been required.

The plaintiff next offered in evidence a Sheriff's deed to the land, to which defendant's counsel objected, on two grounds—

1st. Because the executions under which the property was sold, were not produced.

2d. Because the deed conveyed the entire tract, part of which was situated in Campbell County, and a part in Fayette; and it was insisted, that the Sheriff of Campbell had no authority to sell land in Fayette.

The Circuit Judge admitted that the deed conveyed no title to the land in Fayette, but held, that it was good to show color of title to the whole.

[2.] What is meant by *color of title?* It may be defined to

be a *writing*, upon its face *professing* to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used—a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law.

The very fact of setting up a statutory title, excludes the idea of a rightful or legal title. The length of the possession, and its nature and character, are the only tests.

[3.] In *Jackson vs. Ellis*, (13 *Johns. Rep.* 120,) the Court said, "That it had been repeatedly ruled, that an entry under *color of title* is sufficient to constitute an adverse holding. It is not necessary for this purpose, that the title under which such entry is made, should be a good and valid title." In *Clapp vs. Bornaghann*, (9 *Cowen*, 530,) Ch. *Jones* says, "Though the title of an adverse possession be clearly defective, yet the true owner must enter within twenty years, (in Georgia within *seven*,) or he is barred his entry." And in *Jackson vs. Woodruff*, (1 *Cowen*, 276,) *Woodworth*, Justice, says, "If the title *is* bad, it is of no moment." It is needless, I presume, to multiply authorities to this point. They all speak the same language, and fully sustain the decision of the Circuit Court.

[4.] Counsel for the defendant interrogated a witness, (Holcomb,) as to whether the buildings erected upon the land by the defendant, were not worth as much or more than the rent? Plaintiff's counsel objected to the question, upon the ground that the defendants were *trespassers*, and as such, were not allowed to set up the value of their improvements against the *mesne* profits. The Court sustained the objection, and refused to permit the witness to testify.

Under certain circumstances it might be proper to allow proof as to improvements, even when made by acknowledged trespassers. If, for instance, the profits of the premises have been increased by repairs, it is proper for the Jury to take into consideration these repairs, and to diminish the profits by them, but not below the amount which the premises would have been worth without such repairs. Beyond this, perhaps, it would not be proper to go in favor of trespassers; for it would be against all

principle to allow a trespasser to make the person trespassed against his debtor, for improvements made without his consent and against his will, or to suffer him to set them off against damages to which he has justly subjected himself by reason of his trespass. This would be worse than permitting him to set-off one trespass against another. It would be suffering him to justify or excuse one trespass, by proving that he had committed another—for the act of improving is itself a trespass.

[5.] But the complaint in this exception is, that the Court, for the purpose of excluding Holcomb's testimony, *assumed* that the defendants were trespassers, a denial of which constituted the gist of their defence, and was certainly a question of fact to be submitted to the Jury, under the direction and opinion of the Court, as to the law which the evidence before them might involve. 2 *Wash. C. C. Rep.* 165.   8 *Dana*, 65, 66.

[6.] The defendant's counsel offered in evidence, the copy of a deed from Henry Reeves to Edmund Baughan, to the lot of land in controversy, which had been duly established in Fayette Superior Court, in lieu of the lost original, *and recorded in Fayette Superior Court.* This copy deed was rejected on the ground, that the original deed not having been recorded in Fayette, it was necessary that the execution should be proven by the subscribing witnesses. There can be no doubt that when a copy deed is established, that it is to be treated as the original, for all purposes whatsoever.

[7.] But here the original deed was never recorded in Fayette County. If produced, it could not be read in evidence. without proof of its execution. The copy, therefore, could be entitled to no greater privilege.

[8.] The fact that it was recorded in the minutes of Fayette Superior Court, in the course of the proceeding which was instituted for its establishment, did not dispense with the statutory requirement of being registered by the Clerk of the Superior Court of Fayette County, in the book kept by him for the registration of deeds.

[9.] The defendant's counsel offered in evidence, the exemplification of a suit in Campbell County, and of a judgment re-

covered thereon, for lot No. 67, in which John Burke, the plaintiff in the present action, was a co-defendant. The defendant did not claim that Burke could be estopped by this judgment of former recovery, as to so much of the land as was situated in Fayette County. He contended, however, that inasmuch as the title under which the recovery was had in Campbell County, covered the entire lot, that it was notice to Burke of an adverse claim to the part in Fayette ; but the Court ruled out the testimony, and we think rightly.

By the Constitution of this State, titles to land must be tried where the land lies. The Court in Campbell, then, had no jurisdiction over so much of lot No. 67, as lay in Fayette. The whole proceeding, as to that, was a nullity ; and the exemplification of it was inadmissible, *ex suo vigore,* to prove notice or any thing else. We will not say that the original papers might not have been produced, not as the pleadings in the cause, but as *writings* merely, and service of them proven by the officer, *as an individual,* for the purpose of charging Burke with notice of this adverse claim ; but the record, *per se,* or a copy of it, professes no inherent efficacy to effect this object, for want of jurisdiction in the Court.

[10.] The defendant's counsel offered in evidence, the answers of Hilliard Baughan to interrogatories, which were excluded by the Court, on the ground that they were not communicated to the opposite party before the cause was submitted to the Jury.

The 47th Rule of the Superior Courts *provides,* " That all objections to the execution and return of interrogatories on appeal trials, the form of the commission or service of notice must be made by the party seeking to avail himself of them before the cause has been submitted to the Jury, or they will not be heard by the Court, provided that the said interrogatories have been twenty-four hours in the Clerk's office ; and if they have remained in the possession of the party intending to use them, they shall be communicated to the adverse party before the cause is called for trial." 2 *Kelly,* 475.

What is the correct interpretation of the concluding clause

of this rule ? Can the party be considered in default under it, unless his interrogatories have been called for ? And admitting that it was his duty voluntarily to tender them, does a forfeiture in this respect involve, as a penalty, the exclusion of the testimony? Such, we apprehend, could not have been the intention of the Judges, in framing this Rule of Practice. For if so, we respectfully submit, that it would be in direct conflict with the Statute authorizing testimony to be taken by commission; for the Act declares, that the examination of the witnesses, taken pursuant thereto, *shall be heard* on the trial of the cause, on motion of either party. *Prince*, 425.

The construction then, we put upon this rule is, that it is *directory* merely. It gives to parties the right to call for the exhibition of all the testimony taken by commission, before the cause is called for trial; and, consequently, makes it the duty of the Court to compel its production. If this is not done from inadvertence or design, the party holding the interrogatories in his possession, goes to trial at his peril—it being competent for the adverse party, when the interrogatories are offered during the progress of the trial, to take any exception to their execution or return, to the form of the commission, service of the notice, or any other defect. It remains only to dispose of the last exception.

[11.] The presiding Judge charged the Jury, " That the possession of the plaintiff was uninterrupted, continuous, notorious, sufficient and adverse."

All the authorities concur in holding, that the question of *adverse possession* is not for the Court to decide, but exclusively for the Jury. 2 *Cain. Rep.* 168, '69. 1 *East.* 568. 1 *Burr.* 397. 2 *Cranch*, 184. 12 *Johns. Rep.* 242, 357. 8 *Ib.* 495. 7 *Ib.* 5. 1 *Cowp.* 103, 217. 5 *Johns. Rep.* 467. 1 *Johns. Cas.* 289. 11 *Johns. Rep.* 446. 2 *Bac. Abr.* 529. 14 *Johns. Rep.* 304, 307. 9 *Ib.* 102, 174. 10 *Ib.* 334, 377, 380, 417, 475. 11 *Wheat.* 276, 199, 209, 59, 75. 2 *Bay. Rep.* 483. 2 *Serg. & Rawle's Rep.* 527.

[12.] The Act of the last Legislature declares, " That from and after its passage, it shall not be lawful for any or either of the Judges of the several Superior Courts of this State, in any

*Court,* (meaning *cause,*) whether civil or criminal, or in Equity, during its progress, or in his charge to the Jury, to express or *intimate* his opinion as to what has or has not been proved, or as to the guilt of the accused."

And by the second section it is enacted, " That should any Judge of said Superior Courts violate the provisions of the first section of the Act, it shall be held by the Supreme Court for the correction of errors in this State, to be reversed, and a new trial granted in the Court below, with such directions as they may lawfully make." *Pamphlet Laws of* 1849, 1850, *p.* 271, '72.

Upon this ground, then, we are left without discretion. The judgment must be reversed, and a new trial awarded.

[12.] I have forborne to discuss a point much mooted in the argument, as to what constitutes adverse possession. In *Conyers vs. Kenan and Hand,* (4 *Kelly & Cobb,* 308,) some remarks were made as to how far, or to what extent the occupant would be protected in his possessory title. I see no reason to modify the opinion there expressed.

No man in this country cultivates his whole tract of land. It is very unusual to inclose the whole. Good husbandry forbids that the whole should be planted. One possession is· usually well defined by the boundaries of those which surround it, and frequent acts of ownership over the parts not cultivated or inclosed, give notoriety to the possession of the whole. Nothing but want of due diligence and care, under such circumstances, can deprive the rightful owner of his property. Whether the log pen used occasionally for a grocery, on one side of this unsettled tract of land, with the fragments of old casks in it, constitutes such an adverse possession to the whole, as to give effect to the Statute of Limitations, it would be premature at present to decide.