[Case 84—PETITION EQUITY—April 14.

# Weakley, Trustee, v. Buckner, &c.

### APPEAL FROM SHELBY CIRCUIT COURT.

91   457
116   346
91   457
116   346
91   457
h131   26

TERMINATION OF TRUST.—Where a trust is created for a special purpose it ceases with the termination of the cause which called it into existence.

A testator, after devising to three of his four children their shares of his estate without restriction, devised the share of the remaining child, a son, to a trustee, with direction to pay the income to the wife of the son for the support of herself, her husband and their children, the testator further providing that "in case my said son shall, for five continuous years, lead a temperate and sober life, the said funds so devised shall be turned over to him as his own property, provided he shall at the time have no indebtedness, to the payment of which it could be subjected." *Held*—That it is evident that the sole reason the testator had for the creation of the trust was the intemperate habits of his son, and, therefore, the trust ended at the son's death, and the estate passed to the wife and children under the statutes of descent and distribution.

W. H. ANDERSON GUARDIAN AD LITEM.

1. By the terms of testator's will the trust was to be terminated upon the happening of only one condition, which never happened. The trust, in order to carry out the intention of the testator, should continue at least during the life-time of Mrs. Horace Buckner.
2. If the trust is terminated, then Horace Buckner never had such an interest in the fund as would pass to his administrator, and become subject to distribution so as to give his widow one-third thereof absolutely.

H. P. WHITAKER FOR APPELLEES.

The trust ended with the death of J. Horace Buckner, and the widow and children take the estate under the laws of descent and distribution. (Thomas v. Harkness, 18 Bush, 28.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The third section of the will of E. P. Buckner provides: "I have heretofore given to my son, J. Horace Buckner, by way of advancement, the sum of fifteen

hundred dollars. In addition thereto, I now will and devise to my friend, Samuel T. Wilson, * * * the sum of twenty-nine hundred dollars, in security or cash, to be held by him in trust, and he shall loan or invest any part of it which may not be invested, and shall collect the income or dividend thereof, and shall pay the same, less the expense thereof and taxes thereon, to Mattie A. Buckner, the wife of J. Horace Buckner, for the benefit and support of the said J. Horace Buckner, and of his said wife, and their children. The same shall be paid over annually or semi-annually as it may accrue. Neither the principal or income of this devise shall in any way be subject to any debt which said J. Horace Buckner now owes, or may hereafter contract. The compensation of said trustee shall not exceed two per cent. on the income from said devise, and nothing upon the principal. In case my said son, J. Horace Buckner, shall, for five continuous years, lead a temperate and sober life, the said funds so devised, and also that mentioned in the next preceding clause (which I direct shall also be held by said trustee after the death of my wife upon the same terms as herein set forth) shall be turned over to him as his own property, provided he shall at the time have no indebtedness to the payment of which it could be subjected. This shall be done upon the judgment and discretion of said trustee, or if he has doubt as to it, he may submit the decision thereof to the chancellor of the court having jurisdiction thereof, or it may be submitted to said chancellor upon the petition of said J. Horace Buckner."

The preceding clause directed that a sum therein given to Horace should be held in like manner by a trustee. The estate of the testator consisted altogether of personalty. He had four children, two sons and a like number of daughters. He made bequests to each of them, equal in amount, save one daughter appears to have received something more than the other three children. The portions of all, save Horace, were given to them without restriction. He never reformed, and now, after his death, it is contended upon the one side that the trust continues, while upon the other it is insisted that it ended at his death, the estate passing to his wife and children under the statute of descent and distribution. The lower court adopted the latter view. If it did not then terminate, the counsel who so contends does not seem to have clearly made up his mind when it would end. It is perfectly evident that the sole reason the testator had for the creation of the trust was the intemperate habits of his son. He was fearful the estate would be squandered by his son's dissipation, and he, therefore, provided that so long as it lasted the estate should be in trust. This reason ceased with the son's death. The testator was not looking to providing a continuing support for the wife and children after the son's death. What he feared was his dissipation, and that by reason of it the property would soon be gone. The trust was to cease upon the cessation of this danger. The testator intended this portion of his estate for his son Horace, but provided for a single reason that he should not come into possession of it while that reason continued to exist. He did not

intend that his son should squander it through his known dissipation. But one reason was present in his mind for the creation of the trust.

The will contains no language from which it can be inferred that the maker of it intended the trust to last beyond the time when the one danger which he was regarding should cease to exist. The purpose in his mind was not to continue the trust in the event of his son's death, but to guard against a danger which he knew was likely to arise from the son's own habits. The trust was created for a particular reason and for a special purpose. It was called into existence for a single reason, and when it ceased, or the necessity no longer existed for its continuance, the trust also ceased to exist. Where a trust is created for a special purpose, it ceases with the termination of the cause which called it into existence; reason dictates that the maker must have so intended. It is said the trust was to terminate only upon the happening of a certain event; that it never happened, and, therefore, the trust is still a continuing one. It is plain, however, that the testator intended it to continue only so long as the reason remained for its creation. This ceased with the son's death, and, therefore, the trust then ended.

Judgment affirmed.