CASE 3.—ACTION BY THE CENTENNIAL PERPETUAL BUILDING & LOAN ASSOCIATION AGAINST DURANT MAXWELL'S ADMINISTRATOR, TO WHICH LOUISE MAXWELL AND HER COMMITTEE WERE MADE DEFENDANTS, FOR A CONSTRUCTION OF A DEED. —December 16.

# Maxwell's Committee v. Cen. Per. Bldg. & Loan Assn.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiff, defendant Louise Maxwell's Committee appeals—Affirmed.

1.  Deeds—Construction—Estates Conveyed—Fee Simple—Statutory Provisions.—A deed conveyed land and other property to the grantor's sister as trustee for the benefit of the grantor's children "and to nurture, support and educate them," and empowered her to sell and convey the property to "whomsoever she may think proper, and to manage and control said property hereby conveyed, or its proceeds as she may deem best in her discretion for the use of my children aforesaid." Held, that the deed conveyed a fee-simple estate in the land to the trustee, especially in view of Ky. Stats. 1903, section 2342, providing that, unless a different purpose appear, every

Maxwell's Committee v. Cen. Per. Bldg. & Loan Ass'n.

estate in land created by deed without words of inheritance shall be deemed a fee simple or such other estate as the grantor had power to dispose of.

2. Trusts—Disposal of Trust Property—Conveyance to Cestui Que Trust.—The trustee having power to convey the land to whomsoever she might think proper for the benefit of the cestui que trust, her absolute deed thereof to the infant cestuis que trust was valid, and conveyed the fee-simple estate.

3. Decent .and Distribution—Persons Entitled—Taking Subject to Mortgage—Statutory Provisions.—After the trustee had conveyed the land to the cestuis que trust, one of them died a minor and the other died after reaching his majority, and having given a mortgage on the land. Held, that their mother, the grantor, who as their heir at law took the land under Ky. Stats. 1903, sections 1393-1401, relating to descent of land of persons dying intestate, took subject to the mortgage on the cestui que trust's half interest.

A. E. STRICKLETT for appellant.

## CLASSIFICATION OF AUTHORITIES.

1. The duty of a parent to maintain his or her infant children, continue during the infancy of the child. (Kent's Commentaries, 2 vol., 190; Commonwealth of Ky. v. Willis, 7 Ky. Law Rep. 677.)

2. If a deed creates a trust for the maintenance of an infant child, and no time is limited, it will cease when the infant arrives at his legal age. (Perry on Trusts, section 615.)

3. Trustees take no greater estate than the purposes of the trust require. (Perry on Trusts, secs. 312, 316 and 320; Doe, Lessee, v. Considine, 73 U. S. 471; Young v. Bradley, 101 U. S. 787; Weakley, Trustee, v. Buckner, 91 Ky. 457.)

M. T. SHINE and LESLIE T. APPLEGATE for appellee.

## POINTS AND AUTHORITIES.

1. The deed of Louise Maxwell to Jennie Stevens conveyed to her the title in fee to the property named therein for the benefit of Durant and Sallie E. Maxwell. (General Statute, sec. 7, chap. 63, and Ky. Stats., sec. 2342; Weakley, Trustee, v. Buckner, 91 Ky. 457.)

2. Property held in trust for another is subject to the debts of said cestui que trust. (Ky. Stats., sec. 2355.)

3. The trustee in the deed of Louise Maxwell to Jennie Stevens had full power to sell said property to whomsoever she saw fit. (Prather v. McDowell, 8 Bush 46; Rose Hally, &c., v. Winchester Diamond Lodge, 17 Ky. Law Rep. 293; Abbott v. Yeager, &c., 17 Ky. Law Rep. 994.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal involves a construction of the following deed executed by Louise Maxwell October 20, 1885, to her sister, Jennie Stevens, as trustee for the grantor's then infant children, Durant Maxwell, and Sally E. Maxwell, 13 and 11 years of age, respectively: "I, Louise Maxwell of the city of Covington, county of Kenton, State of Kentucky, do, for and in consideration of the love and affection I bear to my children, Durant Maxwell, 13 years of age, and Sallie E. Maxwell, 11 years of age, and the confidence I have and repose in my sister, Jennie Stevens, of the city of Covington, county of Kenton, State of Kentucky, and the further consideration of one dollar, hereby convey to the said Jennie Stevens all of my property of whatsoever description, be the same real, personal or mixed, whether situate in the state of Kentucky or in the state of Mississippi and more especially the following described real estate; [Here follows the description.] To have and to hold the legal title hereby conveyed to the said Jennie Stevens, to the use of Jennie Stevens in trust for the benefit of my children, Durant Maxwell and Sallie Maxwell, and to nurture, support and educate them, hereby vesting my said trustee, Jennie Stevens, with full power and authority to sell and convey the same to whomsoever she may think proper, and to manage and control said property hereby conveyed, or its pro-

ceeds as she may deem best in her discretion for the
use of my children aforesaid; the object and purpose
of this trust is as follows; that whereas from sickness
and physical inability I am incapacitated to take care
of my children as I desire them to be taken care of,
and my said sister, Jennie Stevens, has kindly con-
sented to perform that duty, to vest her with full
power and authority necessary to effect that object
with as little expense as possible, the estate being
small and unproductive, it may become necessary to
sell the same to carry out the purposes of the trust,
and I further vest her with full discretion herein
having full confidence that she will carry out my in-
tentions do require that she shall not give any security
as trustee under this deed.'' The real estate de-
scribed in and conveyed by the above deed lies in the
city of Covington, county of Kenton, in the county
clerk's office of which county the deed was duly re-
corded on the 24th of April, 1886. Shortly thereafter
the grantor, Louise Maxwell, under an inquest duly
instituted and held in the Kenton circuit court, was
by verdict of a jury and judgment of the court found
to be and declared a lunatic, and thereupon ordered
to be confined in the Eastern Kentucky Lunatic
Asylum for the Insane at Lexington, where she has
since remained confined. It is not claimed by her
committee, however, that she was of unsound mind
when the deed referred to was executed. On April
24, 1886, Jennie Stevens, the trustee to whom the
deed in question was made, being about to change
her residence to another state, as trustee, conveyed
by deed of that date all of the real estate conveyed
her by Louise Maxwell to her cestuis que, trust,
Durant Maxwell and Sally E. Maxwell; the deed con-
taining the following provision: ''This deed is for

the purpose of conveying absolutely to the said Durant Maxwell and Sallie E. Maxwell, infant children of Louise Maxwell, all that certain real estate in the city of Covington, herein described, which was conveyed by Louise Maxwell to the said Jennie Stevens in trust for the benefit of said children and with full power to sell and convey the same; the said Jennie Stevens being about to become a nonresident of the State of Kentucky." Sally E. Maxwell died before she became 21 years of age. After Durant Maxwell attained his majority, he borrowed of the appellee, the Centennial Prudential Building & Loan Association, $500, for which he gave his promissory note, and to secure its payment executed to appellee a mortgage upon a part of the real estate which had been conveyed him and his sister, Sally E. Maxwell, by Jennie Stevens, as trustee. The mortgage was duly recorded in the office of the clerk of the Kenton county court. After its execution the mortgagor, Durant Maxwell, died in Kenton county, intestate, leaving a considerable part of the mortgage debt unpaid. Thereafter suit was brought in the court below by appellee against his administrator to recover what remained unpaid of the mortgage debt, and for the enforcement of the mortgage lien to secure its payment.

Louise Maxwell, the lunatic mother and only heir at law of Durant and Sally E. Maxwell, and her committee, were made parties defendant to the action, and the latter filed answer, as such committee, for and on behalf of the lunatic, in which he denied that appellee acquired a lien on the real estate in question by virtue of the mortgage from Durant Maxwell, and alleged that no title passed to Durant Maxwell or Sally E. Maxwell by the deed from Louise Maxwell

to Jennie Stevens, trustee, or by the deed from the latter to them; that the fee-simple title to the real estate embraced by the mortgage from Durant Maxwell to appellee was at the time of the execution of the mortgage vested in Louise Maxwell, because the purpose for which the real estate was conveyed by Louise Maxwell to the trustee, Jennie Stevens, which was to provide for the support and education of the former's children during infancy, had theretofore been. fully accomplished, and that what remained of the real estate after the alleged execution of the trust reverted to the donor. A demurrer was filed to the answer by appellee, which was sustained by the court below, and, the committee refusing to plead further, judgment was entered in that court in favor of appellee and for a sale of the mortgaged real estate or enough thereof to pay its debt and costs. Before final submission, this case was consolidated with an action brought by the Eastern Kentucky Asylum against Louise Maxwell and her committee and the causes were heard together; but this appeal is prosecuted by the committee of Louise Maxwell from so much of the decree of the lower court as adjudged appellee a lien upon the real estate covered by its mortgage, and directed the sale thereof in payment of its mortgage debt.

It is the contention of appellant that Mrs. Maxwell at the time of the execution of the deed of trust to her sister, Jennie Stevens, was an invalid, afflicted with disease that afterwards developed into insanity; that in making the conveyance her sole motive was to provide for the maintenance and education of her children during their infancy, as it was her natural and legal duty as a parent to do; and that, when the one died and the other became 21 years of age, the

only purpose of the trust was accomplished, which
ipso facto entitled the donor to be restored to the
possession of the real estate, or what remained of it,
and caused the title to revert to her. It is apparent
from the language of the deed itself that Mrs. Max-
well was incapacitated by ill health to care for her
children, and therefore placed that duty upon her
sister, at the same time providing her as best she
could with the means of performing it. But we find
nothing in the language of the deed which seems to
express an intention on the part of the grantor to
repossess herself of the property conveyed or the
title thereto upon the arrival of her children at 21
years of age, or that creates a necessary inference
that such was her intention. When the deed from
Mrs. Maxwell to her sister was executed, the General
Statutes of Kentucky of 1883 were in force. Section
7, art. 1, c. 63, of which was reproduced in section
2342, Ky. St. 1903, both provide: ''Unless a different
purpose appear by express words, or necessary in-
ference, every estate in land created by deed or will,
without words of inheritance, shall be deemed a fee
simple or such other estate as the grantor or testator
had power to dispose of.''

While the deed under consideration provides that
the trustee may apply the trust property to the sup-
port and education of the cestuis que trust, such
provision does not necessarily imply that this was
the only purpose of the trust, or that when that was
accomplished the trust would end. Sight must not
be lost of the fact that the deed first provides that
it is for the benefit of the grantor's children ''and to
nurture, support, and educate them.'' Again, the
deed expressly clothes the trustee with full power
and authority to sell and convey the trust property

to "whomsoever she may think proper, and to manage and control said property hereby conveyed, or its proceeds as she may deem best in her discretion for the use of my children aforesaid." Manifestly the provision allowing the appropriation of the corpus of the trust estate, if in the judgment of the trustee necessary, to the support and education of the children, was intended as an enlargement of the primary provision that the conveyance was for their benefit; and, in its absence from the deed, the law would have confined the expenditures of the trustee for their support and education to the income of the real estate, or made it necessary for her to apply to a court of equity for a decree of sale.

Whether the trustee acted wisely or unwisely in conveying the trust estate to the infant cestuis que trust we need not decide. The question is: Did she have the power to do so, and was the deed valid? These questions must be given affirmative answers; for, as we have already seen, the deed of trust permitted her to sell and convey the trust property to whomsoever she might think proper for the benefit of her cestuis que trust. Prather v. McDowell, 8 Bush, 46; Halley v. Winchester Diamond Lodge, 97 Ky. 438, 30 S. W. 999, 17 Ky. L. R. 293. If we are to look for a reason for the conveyance made the latter by the trustee, it may be found in the deed itself, which declares that it was because the trustee was "about to become a nonresident of the State of Kentucky." Whether or not a guardian was appointed for the infants after the conveyance of the trust estate to them the record does not disclose, but as the estate seems to have been preserved until one of them, Durant Maxwell, attained his majority and thereafter gave appellee the mortgage on his interest therein, it is not un-

reasonable to conclude that he, until he became 21, his sister until her death, and their property as well, were under the control of a guardian. When Sally E. Maxwell died, her undivided interest in the real estate jointly conveyed her and her brother passed under the statute of descent and distribution to her mother, Louise Maxwell. Ky. St. 1903, sections 1393-1401. If correct in our construction of the deed from Louise Maxwell to Jennie Stevens, it necessarily follows that the deed from the latter as trustee to Durant and Sally E. Maxwell conveyed them the fee-simple title to the real estate in question; and, further, that appellee by the mortgage executed to it by Durant Maxwell acquired a valid lien upon his interest therein, and while it is true that the latter's interest in such real estate also passed at his death, under the statute (section 1393), to his mother, Louise Maxwell, she took the title subject to the mortgage.

We are unable to see that the authorities cited by counsel for appellant militate against the conclusion herein announced. The principal one, Weakly, Trustee, v. Buckner, 91 Ky. 457, 13 Ky. L. R. 37, 16 S. W. 130, certainly does not do so. In that case the testator bequeathed to Samuel T. Wilson $2,900 in trust with directions to pay the income thereon to Mattie Buckner, wife of J. Horace Buckner, the testator's son, for the support of his son, his wife, and their children. The will contained, however, the further provision that, if J. Horace should for five consecutive years live a sober life, then the trust fund should be paid over to him, provided he at that time had no indebtedness. J. Horace Buckner died without having reformed, and the question arose whether the trust continued after his death, or terminated with the happening of

that event. This court held that it terminated with his death, and that the trust fund thereupon went to his wife and children. This was proper, as the wife and children were also beneficiaries of the trust while he lived, and therefore at his death they became the owners of the whole of the trust property. The primary object of the trust was to make a sober man of J. Horace Buckner, and at the same time provide in some measure for his support and that of his family. His death removed all necessity for the continuance of the trust, and therefore the other beneficiaries of the trust were at once entitled to the trust fund. There was no question of reversion in the case.

Being satisfied that the court below properly subjected Durant Maxwell's interest in the real estate in question to the payment of appellee's lien debt, the judgment is affirmed.

---

CASE 4.—PROHIBITION PROCEEDING BY WILLIS KENNEDY AGAINST J. WHEELER McGEE, POLICE. JUDGE CITY OF LOUISVILLE, TO RESTRAIN HIM FROM ENFORCING A JUDGMENT.—December 18.